IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DON PROVONSHA,
KAY PROVONSHA, and
UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    Plaintiffs,

v.

                    CIVIL ACTION FILE
                    NO. 4:11-CV-0055-HLM

SOUTHERN HEARTH AND PATIO,
INC. and
OMEGA FLEX, INC.,

    Defendants.

## ORDER

This is a products liability action. The case is before the Court on Plaintiffs' Amended Motion to Remand [12].

## I. Background

### A. Procedural Background

On January 18, 2011, Plaintiffs filed this lawsuit in the Superior Court of Catoosa County, Georgia. (Docket Entry Nos. 1-2.) On March 4, 2011, Defendant Omega Flex, Inc. ("Defendant Omega Flex") removed the case to this Court, citing the Court's diversity jurisdiction. (Docket Entry No. 1.)

On March 21, 2011, Plaintiffs filed an Amended Complaint in this Court. (Docket Entry No. 10.)[1] On that same day, Plaintiffs filed a Motion to Remand to State

---

[1] The Court "must determine whether it had subject matter jurisdiction at the time of removal." Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000). The Court therefore does not consider the allegations of the Amended Complaint when determining whether remand is appropriate. Id. In any event, the citizenship allegations contained in Plaintiffs' Amended Complaint are identical to the citizenship allegations of Plaintiffs' Complaint.

2

Court. (Docket Entry No. 9.) On March 22, 2011, Plaintiffs filed an Amended Motion to Remand to State Court. (Docket Entry No. 12.) Defendant Omega Flex has responded to that Motion, and the Court concludes that no reply from Plaintiffs is necessary. The Court consequently finds that the Amended Motion to Remand is ripe for resolution by the Court.

**B.   Citizenship of the Parties**

Plaintiffs Don and Kay Provonsha reside in Ringgold, Georgia. (Compl. ¶ 1.) Plaintiff United Services Automobile Association ("Plaintiff USAA") is a reciprocal insurance association with its principal place of business in San Antonio, Texas. (Id. ¶ 2.) Plaintiffs allege that Plaintiff USAA is a citizen of Georgia. (Id.)

Defendant Southern Hearth and Patio ("Defendant Southern Hearth") is a Tennessee corporation with its principal place of business in Chattanooga, Tennessee. (Compl. ¶ 3.) Defendant Omega Flex is a Pennsylvania corporation with its principal place of business in Exton, Pennsylvania. (Id. ¶ 4.)

Plaintiffs have presented evidence indicating that Plaintiff USAA is not a corporation, but instead is an unincorporated association. (Aff. of Lynne Doyle Berry ¶ 3.) Plaintiff USAA is a reciprocal insurance exchange regulated by Chapter 942 of the Texas Insurance Code, and the policies it issues specifically identify it as a reciprocal insurance exchange. (Id. ¶¶ 4-5.) The subscribers to Plaintiff USAA's policies of insurance are considered

4

members of the exchange, and Plaintiff USAA has approximately 2.43 million members. (Id. ¶¶ 6-7.) Plaintiff USAA has members who are citizens of, and reside in, all fifty States, including approximately 56,745 members within Pennsylvania. (Id. ¶¶ 8-9.)

Defendant Omega Flex, on the other hand, has provided the Court with a copy of Plaintiff USAA's annual report, in which Plaintiff USAA referred to itself as a corporation. (Def. Omega Flex's Resp. Mot. Remand Ex. D.) Defendant Omega Flex also has presented documentation indicating that Plaintiff USAA's attorney-in-fact is a Texas citizen. (Id. Exs. A-C.)

## II. Discussion

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). A district court may remand a case <u>sua sponte</u> or upon a motion by a party pursuant to § 1447(c) if the district court determines that it lacks subject matter jurisdiction. <u>Id.</u>; <u>In re The Uniroyal Goodrich Tire Co.</u>, 104 F.3d 322, 322-24 (11th Cir. 1997); <u>Pitchford v. Aladdin Steel, Inc.</u>, 828 F. Supp. 610, 612 (S.D. Ill. 1993). Two possible types of subject matter jurisdiction exist: (1) federal question, under 28 U.S.C. § 1331; and (2) diversity, under 28 U.S.C. § 1332.

"The district courts shall have [federal question] jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States." 28 U.S.C. § 1331. The Court does not possess subject matter jurisdiction with respect to this case under 28 U.S.C. § 1331, because Plaintiffs assert only claims arising under state law.

"The district courts shall have original jurisdiction of all civil actions . . . between citizens of different States." 28 U.S.C. § 1332(a)(1). A case qualifies for diversity jurisdiction only if complete diversity of citizenship exists and the amount in controversy exceeds $75,000. Id. § 1332(a).[2]

Here, Plaintiffs Don and Kay Provonsha are citizens of Georgia. Defendant Omega Flex, as a corporation, is a citizen of Pennsylvania, the state of both its incorporation

---

[2]Plaintiffs do not argue that their claims fail to satisfy the amount in controversy requirement.

7

and its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Southern Hearth is a Tennessee corporation with its principal place of business in Tennessee, and is considered to be a citizen of Tennessee. Id.

Plaintiffs' evidence indicates that Plaintiff USAA, which is a reciprocal insurance exchange, is an unincorporated association.[3] (Berry Aff. ¶¶ 3-4.) An unincorporated

---

[3]One court has observed:

> A reciprocal insurance exchange consists of a group of people, called subscribers or members, who cooperate to insure each other against designated risks. See 3 Couch on Ins. § 39:48 (2005). It is "something more than a partnership and something less than an insurance corporation." Id. Because a reciprocal interinsurance exchange has "no legal existence separate from its subscribers, [it] is therefore considered an unincorporated association." Lumberman's Underwriting Alliance v. Hills, 413 F. Supp. 1193, 1195 (W.D. Mo. 1976).

Chubb Custom Ins. Co. v. United Servs. Auto. Ass'n, No. Civ. 05-

8

association is deemed to be a citizen of the states of each of its members. Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988); see also Cady v. American Family Ins. Co., No. 2:10-cv-01994 JWS, 2011 WL 671760, at *2 (D. Ariz. Feb. 17, 2011) (finding that reciprocal insurance exchange was unincorporated association for purposes of determining diversity of citizenship); Ourso v. United Servs. Auto Ass'n, Civil Action No. 06-4354, 2007 WL 275902, at *1 (E.D. La. Jan. 25, 2007) (treating reciprocal interinsurance exchange as unincorporated association for purposes of determining diversity jurisdiction). According to Plaintiffs' evidence, Plaintiff USAA has members in Pennsylvania and consequently is

---

3044 AET, 2005 WL 2475314, at *1 (D.N.J. Oct. 5, 2005).

deemed to be a citizen of Pennsylvania.[4] (Id. ¶¶ 8-9.) Therefore, both Plaintiff USAA and Defendant Omega Flex are Pennsylvania citizens, and complete diversity of citizenship does not exist in this case. See Musso v. Progressive NW Ins. Co., Civil Action No. 06-4114, 2007 WL 325364, at *2 (E.D. La. Jan. 31, 2007) (concluding diversity was lacking because certain members of USAA, which was unincorporated association, shared same citizenship as plaintiffs). The Court therefore ordinarily would not possess jurisdiction over this case under 28 U.S.C. § 1332.[5]

---

[4] Plaintiff USAA also is deemed to be a citizen of every other State in which it has members. Tuck, 859 F.2d at 845.

[5] The portion of 28 U.S.C. § 1332(c)(1) referring to citizenship of insurers in direct actions does not apply here, because this case is not a direct action. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been

10

Defendant Omega Flex, however, argues that the Court should find that Plaintiff USAA is estopped from arguing that it is not a corporation or from contending that diversity jurisdiction does not exist.  First, Defendant Omega Flex asserts that, in Plaintiff USAA's annual report, Plaintiff USAA referred to itself as a corporation.  Second, Defendant Omega Flex contends that Plaintiff USAA previously availed itself of the Court's diversity jurisdiction in other cases.

---

incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether Incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.").

11

As an initial matter, the annual report statements do not establish that Plaintiff USAA is a corporation. Although the annual report contains some references to a corporation or "corporate" activities or officers, the annual report also makes multiple references to <u>members</u> of Plaintiff USAA. Given that language, the Court is hard-pressed to find that Plaintiff USAA's annual report warrants concluding that Plaintiff USAA is a corporation.

Defendant Omega Flex's argument fails for another reason. As one court has recognized, although "parties may admit to facts tending to establish subject matter jurisdiction, they may not waive a lack of subject matter jurisdiction where it does not exist." <u>Silvi-Rodriquez v. United States Auto. Ass'n</u>, No. 09-cv-00603-JLK-KLM, 2009

WL 1765753, at *1 (D. Colo. June 18, 2009). Moreover, "principles of estoppel do not apply to subject matter jurisdiction." Id. The Court consequently rejects Defendant Omega Flex's estoppel argument. See Tuck, 859 F.2d at 845 n.3 ("Of course, the fact that USAA has improperly appeared as a party in diversity actions before does not affect our decision here, but it helps to explain why [the plaintiffs] did not discover the jurisdictional problem.").

Alternatively, Defendant Omega Flex argues that the Court should consider Plaintiff USAA's attorney-in-fact, which is a diverse party, to be the proper party-in-interest in this case. This argument fails, however, because Plaintiff USAA, not its attorney-in-fact, is the proper party in interest in this case. Further, in lawsuits involving unincorporated

associations, the citizenship of the members of the associations, not the citizenship of the attorneys-in-fact for the associations, is relevant for determining whether diversity exists. National Council on Compensation Ins., Inc. v. American Int'l Group, Inc., No. 07 C 2898, 2007 WL 4365371, at *5 (N.D. Ill. Dec. 11, 2007); Russell v. State Farm Lloyds, No. Civ.A. 3:01-CV-1305-D, 2001 WL 1326501, at *4 n.4 (N.D. Tex. Oct. 15, 2001).

Finally, Defendant Omega Flex argues that the Court should follow the holding of the district court on remand in Tuck v. United Services Automobile Association, 732 F. Supp. 100 (N.D. Okla. 1989), and dismiss the non-diverse members of the association from this action. For the following reasons, the Court rejects that argument. First,

Tuck is not binding authority on this Court, and the Court respectfully declines to follow it.[6] Second, Plaintiff USAA filed this lawsuit as an entity, not via individual members of the association. As such, dismissing the non-diverse members of Plaintiff USAA "is not sufficient to create complete diversity because [Plaintiff] USAA, with its ubiquitous citizenship, remains a party to the action." Tuck, 859 F.2d at 846. The Court finds that Plaintiff USAA, as an

---

[6] The Court observes that the district court in Tuck simply made findings of fact concerning the issue of Plaintiff USAA's citizenship. Tuck, 732 F. Supp. at 100-02. The district court in Tuck cited no authority and provided no reasoning for its rulings. Id. Consequently, the district court's order in Tuck provides very little insight as to how or why the court reached its decisions. Further, in the Tuck case, the plaintiffs had moved to amend their complaint to substitute a member of Plaintiff USAA, as the class representative of the subscribers of Plaintiff USAA, and the district court granted that motion and allowed the case to proceed solely against that representative. Here, however, Plaintiff USAA, as an entity, remains a party to this action.

15

entity, is an indispensable party. The Court consequently cannot create diversity jurisdiction by dropping all of the non-diverse members from this action.

For the reasons discussed above, diversity jurisdiction does not exist in this case. The Court consequently lacks subject-matter jurisdiction to entertain this action, and must remand it to the Catoosa County Superior Court.

Plaintiffs have requested that the Court award them attorneys' fees and costs associated with Defendant Omega Flex's removal of the case. An order remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). The district court has discretion to make such an award of costs. Hodach v.

Caremark RX, Inc., 374 F. Supp. 2d 1222, 1226 (N.D. Ga. 2005). "'[A]bsent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal.'" Henry County Sch. Dist. v. Action Dev., Inc., No. 1:07-CV-1490-WSD, 2007 WL 2683726, at *5 (N.D. Ga. Sept. 6, 2007) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 135 (2005)) (alteration in original). "The mere fact that a case is remanded does not create a presumption in favor of awarding fees." Id.

The Court cannot find, under the circumstances of this case, that an award of costs is warranted. Although Defendant Omega Flex's arguments in support of removal ultimately failed to persuade the Court, the Court cannot

17

conclude that those arguments were objectively unreasonable or wholly unfounded. Indeed, Plaintiffs specifically alleged in their Complaint that all Plaintiffs are Georgia citizens and that Defendants are citizens of different States. Under those circumstances, the Court exercises its discretion to deny Plaintiffs' request for an award of costs and expenses associated with the removal.

## III. Conclusion

ACCORDINGLY, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Amended Motion to Remand to State Court [12]. The Court **DENIES** the portion of the Motion that seeks an award of attorneys' fees and costs associated with the removal. The Court **GRANTS** the portion of the Motion that seeks an Order remanding this

18

case, and **REMANDS** this case to the Superior Court of Catoosa County, Georgia.

IT IS SO ORDERED, this the 11 day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE